STATE OF NEW JERSEY v. JOHN HALLIARD ET AL.

The Sessions has no legal authority to reserve or certify cases arising in criminal trials to the Supreme Court for its advisory opinion.

On case certified from the Court of Quarter Sessions of the county of Hudson.

Argued at June Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, KNAPP and REED.

For the state, *John P. Stockton, Attorney-General.*

For the defendants, *G. Collins* and *Leon Abbett.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  This is a criminal case, and was tried before the Quarter Sessions of the county of Hudson. A rule to show cause why a new trial should not be granted, was allowed in such court, and that rule, as to the law and facts involved, is now certified to this court by the law judge who presided, a justice of the Supreme Court not being present.

But this court cannot exercise the jurisdiction thus solicited. Such a power is not vested in this court, either by usage or statute.  In cases of doubt or difficulty, the County Circuit Courts are authorized by the Practice act to certify such matters for the advisory opinion of this court, and it has been customary for the Courts of Oyer and Terminer to pursue a similar course; but such practice has arisen from the judicial habit in the English courts to reserve cases arising in criminal trials, for consideration by the whole body of judges. But such cases can be reserved only by the judges of the highest courts; and in the King's Bench it has been directly decided that the latter court will not entertain matters sent up to them by the subordinate tribunals.  In the case of *King* v. *Inhabitants of Salop,* 13 *East* 95, certain questions were preferred by the Sessions on a case reserved, and Lord Ellenborough, criticizing such procedure, said:  "But it is quite a new thing that a case should be reserved upon the trial of an indictment by a jury at the Sessions.  It is a great irregularity, and ought to be noticed, in order to prevent the repetition of it.  We shall not take notice of the case reserved."

It has not escaped notice that, in a few recent cases, the

power in question has been exercised by this court, but in such cases the authority of the court was not challenged, and the irregularity in getting cognizance of them was not noticed. We think we have no right to such jurisdiction; that our decision would have no obligatory effect, and, consequently, the present case must be dismissed. .

By the present decision, no opinion is intended to be intimated as to the effect of a case reserved or certified by a justice of this court, when sitting in the Sessions.